IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| THOMAS C. SHRADER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:10-0025 |
| VICKIE GREEN, Administrator, Southern Regional Jail, | ) |
| Defendants. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On January 11, 2010, Plaintiff, an inmate incarcerated at the Southern Regional Jail, and acting *pro se*, filed his Application to Proceed Without Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) Plaintiff alleges that he is "being denied proper access to the federal court" because the resources within the Southern Regional Jail's law library are inadequate. (Document No. 1.) Specifically, Plaintiff states that the law library is inadequate based upon the following:

(A)  The "so called" law library consists of one room. About 8' x 10'.

(B)  There is only one computer.

(C)  This one computer has access only to Westlaw.

(D)  Many inmates (especially the older inmates) are computer illiterate.

(E)  When you do retrieve a case or case law, there is no way to get a copy or print out a copy.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

- (F) When I first had access to this room, it consisted of only 4 books: Vol. 2 & 3 on Prisoner's Rights, Law Dictionary, and Westlaw Vol. 4 or 4th Edition. On my last visit to the law library, Westlaw Vol. 4 had vanished and the guard I asked about it had no idea where it was or what happened to it.

- (G) The law library has only (1) one typewriter and sometimes it has a ribbon and other times it does not.

- (H) The law library has no xerox or copier.

- (I) With this many inmates, I am sure this law library falls far, far short of federal law and federal case law for an adequate law library.

- (J) Petitioner would like to file an appropriate 1983 action but is in a catch 22. In order to even attempt such an action Petitioner needs access to a properly equipped law library with the proper book on federal and/or state procedures.

- (K) But the very tool I need to do this with, is the very subject that I want to file on for lack of.

- (L) The law library has no supplies and is inadequate for number of inmates.

- (M) From Petitioner's personal experience, only one inmate at a time is allowed in the law library.

- (N) Allotted time in the law library is (1) one hour. An hour is not enough time to do research or copy needed material information by hand.

- (O) An inmate has to submit a request to go to the law library and then it's at the administration's convenience when you are scheduled to go.

(Id., pp. 2 - 4.) Accordingly, Plaintiff requests the following relief: (1) "[T]he appointment of competent counsel to perfect such action in this matter;" and (2) "[T]he appointment of an investigator to come in and document said facts as stated of the current condition of said law library." (Id., p. 3.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On

screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

It is well-established that inmates have a constitutional right of meaningful access to the

Courts. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978), cert. denied, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979)("State prisoners have a constitutional right of meaningful access to the courts, which a state may not abridge nor impair; nor may it impermissibly burden its access."). This right requires prison authorities "to assist inmates in the preparation and filing of meaningful legal papers by providing them with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828, 97 S.Ct. at 1498. The United States Supreme Court discussed the right of prisoners to meaningful access to the Courts in Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L. Ed.2d 606 (1996). Making it perfectly clear that prisoners do not have a right *per se* to a law library or legal assistance, the Lewis Court explained and elaborated upon its earlier decision in Bounds v. Smith, *supra*, as follows:

> The right that Bounds acknowledged was the (already well-established) right of *access to the courts*. In the cases to which Bounds traced its roots, we had protected that right by prohibiting state prison officials from actively interfering with the inmates' attempts to prepare legal documents, or file them and by requiring state courts to waive filing fees, or transcript fees for indigent inmates. * * * In other words, prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. * * * Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the law library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 350 - 51, 116 S.Ct. at 2179 - 80. [Emphasis in opinion; citations omitted.] Many Courts, including the Fourth Circuit, have found that a cause of action is stated for violation of the

4

right of meaningful access to the Courts where it is alleged that prison officials confiscated and/or destroyed legal materials or papers and hindered efforts to pursue legal claims. Carter v. Hutto, 781 F.2d 1028, 1031 - 32 (4th Cir. 1986)(Finding that the alleged seizure and destruction of an inmate's legal materials relating to his application for a writ of *habeas corpus* stated "a valid claim based on the deprivation of access to the courts, a right of vital importance to prisoners and to the integrity of our criminal justice system."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)(Finding that the confiscation of legal materials and the denial of writing supplies could constitute an unconstitutional interference with an inmate's right of access to the courts.). However, "the temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation." Vigliotto v. Terry, 873 F.2d 1201, 1202 - 1203 (9th Cir. 1989)(Plaintiff was not denied his right of access to the courts when prison officials confiscated his legal materials for three days and threatened to destroy the materials if plaintiff did not have them removed and the materials were then lost.)

It is clear from the Lewis Court's decision that a complaint alleging deprivation of the right of access to the Courts must include a statement indicating some palpable actual injury. The Lewis Court stated in its Syllabus as follows:

> [T]o establish a Bounds violation, the actual injury that an inmate must demonstrate is that the alleged shortcomings in the prison library or legal assistance program have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. This requirement derives ultimately from the doctrine of standing. Although Bounds made no mention of an actual injury requirement, it can hardly be thought to have eliminated that constitutional prerequisite.

Lewis, 518 U.S. at 343, 116 S.Ct. 2176. The Lewis Court explained further as follows:

> . . . Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates

5

> need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis, 518 U.S. at 355, 116 S.Ct. at 2182. Accordingly, where it is alleged, as it is in this case, that prison officials withheld legal materials and hindered efforts to pursue legal claims, it must also be alleged and shown that the prison officials' conduct actually resulted in the complainant's inability to proceed in Court.

Based upon a thorough review of the record, the undersigned finds that Plaintiff has failed to allege any facts which suggest that Defendant's conduct has deprived him of access to the Courts, *i.e.*, that he has suffered any harm or prejudice as a result of the alleged inadequate law library. Plaintiff merely provides a list of reasons why he believes the law library to be inadequate. Plaintiff does not state how he is being injured as a result of the alleged inadequacy. For example, Plaintiff complains that "many inmates are computer illiterate," but Plaintiff does not contend that he is unable to pursue a legal claim because he is computer illiterate. Plaintiff further asserts that "Westlaw Vol. 4" was removed from the law library, but he fails state his need for the book or how he was prejudiced by the removal of the book. Thus, even though Plaintiff provides numerous reasons why he believes the law library to be inadequate, he does not claim that he is being prevented from pursuing a legal claim before the Court. Plaintiff's conclusory statement that the "law library falls far, far short of federal law and federal case law for an adequate law library" is insufficient. The undersigned notes that Plaintiff has no other civil action pending before the Court, but there are criminal charges currently pending against Plaintiff in United States v. Shrader, Criminal Action No. 5:09-0270. Plaintiff, however, is represented by competent counsel in his

criminal proceedings.[2] It is well established that the representation by counsel negates a prisoner's claim of inadequate access to the courts. See Bourdon v. Loughren, 386 F.3d 88, 94 (2nd Cir. 2004)(holding that "the appointment of counsel can be a valid means of fully satisfying a state's constitutional obligation to provide prisoners, including pretrial detainees, with access to the courts"); Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993)(finding that a prisoner's right to meaningful access to the court "can be satisfied either by providing prisoners with adequate law libraries or with adequate assistance from persons trained in the law"); United States v. Smith, 907 F.2d 42, 45 (6th Cir. 1990)(holding that "the state does not have to provide access to a law library to defendants in criminal trials who wish to represent themselves" and waive their right to counsel); Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3rd Cir. 1988)(found "*Bounds* to hold that the provision of lawyers is one means by which a state may provide prisoners with meaningful access to courts"); United States v. Wilson, 690 F.2d 1267, 1272 (9th Cir. 1982)(court-appointed counsel satisfies the right to meaningful access to the courts); Cruz v. Hauck, 515 F.2d 322, 331-33 (5th Cir. 1975)("access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of the State.")

The undersigned, therefore, has thoroughly reviewed the record and is unable to find any allegation or indication of actual injury resulting from the alleged inadequate law library. As stated

---

[2] The record reveals that counsel is adequately and zealously representing Plaintiff in his criminal proceedings. The undersigned notes that counsel has filed the following Motions on Plaintiff's behalf: (1) Motion to Revoke Detention Order; (2) Motion to Sever Counts One and Two; (3) Motion to Change Venue; and (4) Motion to Suppress Evidence. (Criminal Action No. 5:09-0270, Document Nos. 25, 38, 40, 53.) By Proposed Findings and Recommendation entered on March 5, 2010, the undersigned recommended that the District Court grant Plaintiff's Motion to Sever Counts One and Two, and deny Plaintiff's Motion for Change of Venue. (*Id.*, Document No. 55.)

above, an inmate cannot establish actual injury simply by challenging the adequacy of the prison's law library or legal assistance program. Furthermore, Plaintiff's filing of the instant action suggests that his ability to correspond with the courts has not been hindered by the lack of supplies or access to a typewriter. Thus, there is no indication that Defendant's conduct actually denied Plaintiff access to legal materials and resulted in his inability to proceed in court. Accordingly, the undersigned finds that Plaintiff's Complaint should be dismissed because he fails to state a claim of inadequate access to the courts.[3]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Proceed Without Prepayment of Fees (Document No. 2.), **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which

---

[3] The undersigned notes that Plaintiff does not indicate that he exhausted administrative remedies prior to filing his Complaint.

objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

Date: March 15, 2010.

R. Clarke VanDervort
United States Magistrate Judge