**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

THOMAS C. SHRADER,

        Plaintiff,

v.                                 CIVIL ACTION NO.  5:10-cv-00025

VICKIE GREEN,

        Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the *Proposed Findings and Recommendation* of United States Magistrate Judge R. Clarke VanDervort.  By Standing Order (Document No. 3) entered on January 12, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On March 15, 2010, the Magistrate Judge submitted his *Proposed Findings and Recommendation* ("PF&R") (Document No. 4) wherein it is recommended that this Court deny Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 2), dismiss Plaintiff's Complaint (Document No. 1) and remove this matter from the Court's docket.

Upon consideration of the Complaint, the PF&R, Plaintiff's objections to the PF&R and attached exhibits, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation be **ADOPTED**.

Shrader v. Green

## I.  RELEVANT FACTS AND FINDINGS OF MAGISTRATE JUDGE

*Pro Se* Plaintiff Thomas C. Shrader, a pretrial detainee at the Southern Regional Jail, awaiting trial in an unrelated criminal matter, brings this action alleging that he is "being [d]enied proper access to the federal court" due to the allegedly inadequate law library at the Southern Regional Jail. (*See* Statement of Facts and Motion for Help or Appointment of Counsel ("Complaint") (Document No. 1) at 1-3.)[1]  Plaintiff seeks "[t]he appointment of competent counsel to perfect such action in this matter" and "[t]he appointment of an investigator to come in and document said facts as stated of the current condition of said law library." (*Id*. at 3.)

The Court has reviewed the Plaintiff's January 11, 2010, handwritten Motion to Proceed Informa Pauperis (Document No. 2), the Plaintiff's Complaint (Document No. 1) and the entire record herein.  In his Complaint, Plaintiff alleges various reasons why he believes the law library at the Southern Regional Jail is inadequate– reasons that range from the size of the room to the length of time each inmate receives in the law library.[2]  (*See* Compl. at 2-4.)  Plaintiff also states that "Petitioner would like to file an approperate [sic] [Section] 1983 action but is in a catch 22.  In order to even attempt such an action Petitioner needs access to a properly equipped law library. [sic] With the proper books on Fed[eral] and/or State Procedure[s]." (*Id*. at 3.)

The Magistrate Judge found Plaintiff's Complaint fatally flawed.   Specifically, the Magistrate Judge found that pursuant to the Supreme Court's decision in *Lewis v. Casey*, 518 U.S.

---

[1]   Construing the filings of a *pro se* plaintiff liberally, the Court construes this statement as Plaintiff's Complaint–which the Magistrate Judge construed as seeking relief pursuant to 42 U.S.C. § 1983.   (*See* PF&R at 1; *see also Haines v. Kerner*, 404 U.S. 519 (1972)).

[2]   The factual background is set forth more fully in the PF&R.  (*See* Document No. 4).

*Shrader v. Green*

343 (1996), "a complaint alleging deprivation of the right of access to the Courts must include a statement indicating some palpable actual injury[]" (PF&R at 5) and that Plaintiff "d[id] not state how he is being injured as a result of the alleged inadequacy[]" (*Id*. at 6) or "claim that he is being prevented from pursuing a legal claim before the Court." (*Id*.)  The Magistrate Judge also concluded that Plaintiff "failed to allege any facts which suggest that Defendant's conduct has deprived him of access to the Courts." (*Id*.)  Magistrate Judge VanDervort also noted that Plaintiff (1) "has no other civil action pending before the Court"; (2) "is represented by competent counsel in his criminal proceedings," *United States v. Shrader*, Criminal Action No. 5:09-0270, and that such representation "negates a prisoner's claim of inadequate access to the courts" (*Id*. at 6-7); *see also* (*Id*. at 7, n.2.); (3) "does not indicate that he exhausted administrative remedies prior to filing his Complaint"(*Id*. at 8, n.3.), and (4) filed the instant action which "suggests that his ability to correspond with the courts has not been hindered by the lack of supplies and access to a typewriter." (*Id*. at 8.)

Thus, upon a finding that there was no "allegation or indication of actual injury resulting from the alleged inadequate law library"or that "Defendant's conduct actually denied Plaintiff access to legal materials and resulted in his inability to proceed in court," the Magistrate Judge recommended dismissal of Plaintiff's Complaint (Document No. 1) for his failure to state a claim of inadequate access to the courts.  (*Id*.)  This Court so agrees.

## II.  STANDARD OF REVIEW

In accordance with the provisions of 28 U.S.C. § 636(b), the Plaintiff was allotted fourteen (14) days, plus three (3) mailing days, in which to file any written objection to the proposed findings

3

Shrader v. Green

and recommendation.[3]  As a result, objections to Magistrate Judge VanDervort's *Proposed Findings and Recommendation* were due on April 1, 2010.  Plaintiff timely filed objections to the PF&R on March 26, 2010.  (*See* Rebuttal to Proposed Findings and Recommendations ("Pl.'s Objections") (Document No. 5.)  The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

### III.  APPLICABLE LAW

It is established beyond doubt that prisoners have a constitutional right of meaningful access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 821 (1977).  The Supreme Court in *Bounds* held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." (*Id*. at 828.)  However, nineteen years later, the Supreme Court in *Lewis v. Casey*, clarified that *Bounds* did not create a right to legal assistance, but simply acknowledged the longstanding right of access to courts.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996).  The Supreme Court explained that "*Bounds* did not create an abstract,

---

[3]  *See* Proposed Findings and Recommendation (Document No. 4) at 8; *see also* 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).

Shrader v. Green

freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." (*Id*. at 351.)  The *Lewis* Court instructed that in order to assert a claim for the denial of access to the courts, an inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." (*Id*.)  When alleging denial of access to the courts, the prisoner must make specific allegations and must also identify an actual injury resulting from official conduct.  *See Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir.1996); *Strickler v. Waters,* 989 F.2d 1375, 1383-84 (4th Cir.1993) (holding that, to establish claim of denial of access to courts, prisoner must allege actual injury or specific harm resulting from denial).

## IV.  DISCUSSION

In his Objections, Plaintiff generally restates the allegations that are listed in his Complaint (*see* Pl.'s Objections at 2-4, 6) and provides the Court with his "impressions" that those allegations are sufficient to "show that Plaintiff and his fellow inmates are being deprived of adequate access to the courts." (*Id*. at 3 (wherein Plaintiff states that it was his "impression" that the allegations listed in his complaint "would in and of themselves show that the inmates in the Southern Regional Jail were and are being deprived of access to the courts, by the substandard and lack of material and tools (computers, printers and xeroxed [sic] machine), legal books and someone to help computer illiterate inmates [sic] how to use said computer for legal research.")).  To the extent that Plaintiff's recitation of his allegations may be considered an objection, the Court **OVERRULES** such objection.

5

Shrader v. Green

Additionally, Plaintiff attempts to raise a new claim and present new evidence–for the first time in his objection–that he lacked assistance in the preparation and filing of his legal document. (*See* Pl.'s Objection at 4-6.)  Moreover, in various exhibits attached to his objection, Plaintiff offered inmate request and grievance forms with respect to (1) his request for the name of the individual trained to assist inmates with legal matters; (2) his grievance with respect to the missing "Criminal Law 4th Edition" book from the law library; (3) his request for "multipl[e] law library days," and (4) his grievance with respect to the state of the law library.  (*See* Pl.'s Objection, Ex. A- D)).  The Court finds that Plaintiff's first two exhibits were derived from a request and grievance made subsequent to the issuance of the Magistrate's proposed findings and recommendations, *i.e.,* forms dated March 18, 2010, and March 15, 2010, respectively.  Obviously, as to those matters Plaintiff has not exhausted his administrative remedies.  Moreover, with respect to his request regarding access to the library for multiple days, the Court finds that his request was also submitted after the initiation of this action (form dated February 2, 2010) and was not before the Magistrate Judge.  The Court also notes that Plaintiff was provided with a response to his request that he could submit an additional request if he needed additional time in the library–a response which contradicts any claim that Defendant is impeding Plaintiff's access to the courts.  Finally, the Court observes that the last exhibit which is dated December 28, 2009, could have been filed–and properly considered by the Magistrate Judge–with the Plaintiff's Complaint on January 11, 2010.  However, the exhibit was not so submitted.  Plaintiff attempts to demonstrate that he exhausted his administrative remedies, however, the exhibit does not serve to demonstrate how Plaintiff has been injured by the current condition of the law library.  Thus, to the extent that Plaintiff's allegation of a new claim and proffer

Shrader v. Green

of evidence which was not considered by the Magistrate Judge may be considered an objection, the Court **OVERRULES** such objection.[4]   *See Jesselson v. Outlet Assocs. of Williamsburg,* 784 F.Supp. 1223, 1228-29 (E.D.Va.1991) ("Review of a Magistrate's ruling . . . does not permit consideration of issues not raised before the Magistrate.  A magistrate's decision should not be disturbed on the basis of arguments not presented to him.") (citations omitted).

Notwithstanding the afore-mentioned general objections, Plaintiff does raise three specific objections to the PF&R.  Specifically, Plaintiff contests the Magistrate's finding with respect to (1) the demonstration of an injury suffered; (2) the Westlaw Vol. 4 book which was removed by someone from the law library and (3) his representation by competent counsel in his criminal case.  Plaintiff claims that he "needs access to a properly equipped law library with the proper book on Federal and/or state procedures."  (Pl.'s Objections at 2.)  With respect to the latter two objections, Plaintiff explained how he used the WestLaw Vol. 4 book (to "gain[] personal knowledge . . . about the [criminal offenses for which] he is actually charged with") and that "[e]ven though [he] [has] competent counsel to represent him for trial . . . [he] needs an adequate law library to do research in to assist in his case[.]" (*Id.* at 5-6.)  The Court **OVERRULES** said objections.

---

[4]   In his Objections, Plaintiff also raises for the first time that he "wanted this action to be a class action to help all the inmates in Southern Regional Jail to be able to have meaningful access to the courts" (Pl.'s Objections at 4).  Even if Plaintiff was not precluded from raising a new claim in his objection, the Court finds that Plaintiff's allegation does not cure his inability to demonstrate that *he* has suffered an actual injury.  *See Lewis*, 518 U.S. at 357 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n.20 (1976) ("[F]or even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'"))  Moreover, the Court finds that initially Plaintiff alleged that he was personally denied access to the courts; the initial Complaint did not include any allegations of any injury for purported class members.  (*See* Compl., ¶ 4.)

Shrader v. Green

Plaintiff, by his own admission, states that he has access to Westlaw via a computer in the law library. However, Plaintiff does not contend that he was denied access to applicable federal or state statutes and cases on Westlaw; that the statutes and cases were hidden from him in some respect; that that which he attempted to research was not accessible through Westlaw, or that he was prevented from utilizing the computer-research tool. Thus, on these facts, Plaintiff cannot demonstrate he was denied access by the courts. Further, the Magistrate Judge correctly concluded that Plaintiff's claim of a denial of access to the courts with respect to his criminal case is negated by the competent counsel representing him in that matter.

Plaintiff also contends that the Magistrate's proposed finding and recommendation "in and of itself proves [his] claim" and that "if said law library did have All of the state and/or federal furnished law library then Plaintiff would have been able to research proper proceedure [sic] for filing and would have had some idea of what criteria to meet." (PF&R at 2.). For the afore-mentioned reasons, this objection is **OVERRULED**. Additionally, Plaintiff has not alleged that he was precluded from conducting Westlaw research on 42 U.S.C. § 1983, holdings with respect to such cases or how to initiate such an action before this court, or that his need for state and federal statues could not be met via his Westlaw computer access. Moreover, the Supreme Court in *Lewis* explained that the right is to reasonable access; it does not require that the state "enable the prisoner to discover grievances, and to litigate effectively once in court." *Lewis,* 518 U.S. at 354. Moreover, "*Bounds* guarantees no particular methodology [about meaningful access to the courts] but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." (*Id*. at 356.) Plaintiff has not demonstrated that this

8

Shrader v. Green

capability does not exist at the Southern Regional Jail or that he has suffered an injury as a result thereof.

## V.  CONCLUSION

For the foregoing reasons, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document No. 4) be **ADOPTED**; Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 2) be **DENIED**, Plaintiff's Complaint (Document No. 1) be **DISMISSED** and this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        July 20, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA